**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**THOMAS E. HOWARD and
ANDREA M. HOWARD,**

        Plaintiffs,

**v.**
                                          **Civil Action No. 3:10-CV-111
(BAILEY)**

**NAVY FEDERAL CREDIT UNION,**

        Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

Currently pending before this Court is defendant Navy Federal Credit Union's Motion to Dismiss [Doc. 5], filed November 24, 2010. The plaintiff responded on December 8, 2010 [Doc. 8], and the defendant replied on December 15, 2010 [Doc. 9]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that the defendant's motion **[Doc. 5]** should be **GRANTED IN PART** and **DENIED IN PART**. Also pending is the plaintiffs' Motion to Amend Complaint **[Doc. 12]**, filed on December 17, 2010. For the reasons stated below, the Motion is **GRANTED**.

## BACKGROUND

### I.    Factual Allegations

In the challenged Complaint [Doc. 1], the plaintiffs claim that between January 2010, and April 2010, the Navy Federal Credit Union ("Navy Federal") committed several violations of the West Virginia Credit and Consumer Protection Act ("WVCCPA"), W.Va. Code § 46A-2-122, *et seq.*, as well as the tort of intentional infliction of emotional distress.

1

For the most part, the plaintiffs allege that these violations stemmed from multiple telephonic communications Navy Federal made during that four-month period in an attempt to collect on their automobile loans. The Complaint contains three counts.

In Count I, the plaintiffs allege that each phone call made between January 2010, and April 2010, violated W.Va. Code §§ 46A-2-125, 46A-2-126, 46A-2-127, and 46A-2-128. (Id. at ¶¶ 10-14).

In Count II, the plaintiffs claim that the violations contained in Count I were committed willfully, in violation of W.Va. Code § 46A-5-105, and thus, the plaintiffs should be awarded punitive damages. In support of this claim, the plaintiffs allege that the actions of Navy Federal represent its stated policy and were carried out by its employees in knowing violation of state law. (Id. at ¶ 15).

In Count III, the plaintiffs claim that Navy Federal committed the tort of intentional infliction of emotional distress. In support of this claim, the plaintiffs allege that the actions of Navy Federal were willful and malicious. (Id. at ¶ 16).

## II.   Procedural History

On October 29, 2010, the plaintiffs filed the above-described Complaint [Doc. 1] in the United States District Court for the Northern District of West Virginia. On November 24, 2010, Navy Federal filed the pending Motion to Dismiss [Doc. 5]. Subsequently, on December 17, 2010, the plaintiffs filed a Motion to Amend Complaint [Doc. 12], in which the plaintiffs seek to voluntarily dismiss those claims brought pursuant to W.Va. Code §§ 46A-2-126, 46A-2-127, and 46A-2-128. Attached thereto, the plaintiffs filed their proposed Amended Complaint [Doc. 12, Exh. A], which appears virtually identical to the original Complaint except that it omits any reference to the above-mentioned code sections.

In its Motion to Dismiss, Navy Federal contends that the allegations in the Complaint do not contain factual support for the plaintiffs' claims and that it lacks specificity in alleging violations of the WVCCPA and the tort of intentional infliction of emotional distress. ([Doc. 5] at ¶ 7). As such, Navy Federal argues that the Complaint fails to meet the pleading standard of Rule 8 of the Federal Rules of Civil Procedure. Accordingly, Navy Federal requests that the Complaint be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

In their response, the plaintiffs assert that they have sufficiently pled their allegations to meet the requirement of Rule 8 and survive a Rule 12(b)(6) motion to dismiss. In particular, the plaintiffs argue that they have provided facts as to the specific month and year in which the violations allegedly occurred, and set forth the specific statutory sections alleged to have been violated. The plaintiffs assert that only through discovery will they more fully be able to prove their claims. To illustrate this point, for instance, this Court notes that since the Motion to Dismiss was filed, the plaintiffs have moved to amend their Complaint to remove several claims because "new information has been provided to Plaintiffs' counsel . . .." See Doc. 12. As such, the plaintiffs have effectively moved to voluntarily dismiss these claims by virtue of amendment pursuant to Federal Rule of Civil Procedure 15.

## DISCUSSION

### I. Applicable Standard

"A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances. *Rogers* [*v. Jefferson Pilot Ins. Co.*], 883 F.2d

[324, 325 (4th Cir. 1989)]. A dismissal under Rule 12(b)(6) is granted only in cases in which the allegations raised in the complaint clearly demonstrate that plaintiff does not have a claim and that no set of facts would support plaintiff's claim. 5A C. Wright & A. Miller, *Federal Practice and Procedure: Civil* 2d § 1357 (1990)." *Booth v. Old Nat'l Bank*, 900 F.Supp. 836, 840 (N.D. W.Va. 1995).

Moreover, when the issue of whether a complaint states a claim upon which relief may be granted depends upon the development of facts, the jurisprudence of Rule 12(b)(6) requires postponement of any final determination of the issue. *Teachers' Ret. Sys. of LA v. Hunter*, 477 F.3d 162, 170 (4th Cir. 2007).

## II.     Analysis

### A.     Claims Brought Pursuant to West Virginia Code §§ 46A-2-126, 46A-2-127, and 46A-2-128

In their Complaint, the plaintiffs repeatedly state that in the months of January 2010, through April 2010, "the Defendant and its representative, caused *the Plaintiff's telephone* to ring . . .." ([Doc. 1] at ¶¶ 10-14)(emphasis added).

The plaintiffs have alleged claims under three statutory provisions for which they have provided no factual support: (1) West Virginia Code § 46A-2-126, which prohibits unreasonable publication of information relating to a consumer's indebtedness to employers, relatives living outside the consumer's home or other third parties; (2) § 46A-2-127, which prohibits a creditor from using fraudulent or deceptive representations in attempting to collect debt; and (3) § 46A-2-128, which prohibits using unfair or unconscionable means to collect debt, including obtaining certain written statements or communicating with the debtor when it appears that the debtor is represented by an

attorney.

With regard to these three above-mentioned claims, respectively, the plaintiffs fail to support these claims as follows:  (1)  Plaintiffs have not alleged in their Complaint that Navy Federal has published any information or engaged in conversations with anyone other than the plaintiffs or communicated on numbers other than the plaintiffs' phone number; (2) Plaintiffs do not allege that Navy Federal made any fraudulent, deceptive or misleading representations to the plaintiffs; and (3) Plaintiffs do not allege that Navy Federal has attempted to obtain any prohibited statements or that Navy Federal contacted them when it was apparent they were represented by an attorney.  Therefore, the plaintiffs have failed to state valid claims under West Virginia Code §§ 46A-2-126, 46A-2-127, and 46A-2-128, respectively.  Accordingly, these claims are **DISMISSED**.

B.      **Claims Brought Pursuant to West Virginia Code § 46A-2-125**

Upon a careful review of the remaining claims contained in the Complaint, this Court cannot find that the allegations raised thereby "clearly demonstrate that plaintiff[s] do[] not have a claim and that no set of facts would support plaintiff[s'] claims." ***Booth v. Old Nat'l Bank***, 900 F.Supp. 836, 840 (N.D. W.Va. 1995).  The plaintiffs have alleged that "the Defendant and its representative, caused the Plaintiffs' telephone to ring . . . repeatedly or continuously or at unuasual times or at time known to be inconvenient, with intent to annoy, abuse, oppress or threaten . . .." ([Doc. 1] at ¶¶ 10-14).

This Court finds it sufficient at this stage of the pleadings that the plaintiffs have provided facts as to the specific months and year in which the violations allegedly occurred and set forth the specific corresponding statutory provisions alleged to have been violated.

Any further detail sought by Navy Federal is obtainable through discovery. Moreover, because the issue of whether the plaintiffs have stated a claim upon which relief may be granted depends upon the development of facts, this Court finds that dismissal would be premature. Accordingly, this Court hereby **DENIES** Navy Federal's motion insofar as it seeks dismissal of the § 46A-2-125 and § 46A-5-105 claims, as well as the tort of intentional infliction of emotional distress.

### C.     Motion to Amend Complaint

As previously mentioned, the plaintiffs have moved to amend their Complaint. See Doc. 12. Therein, the plaintiffs essentially move to dismiss those claims which allege violations of West Virginia Code §§ 46A-2-126, 46A-2-127, and 46A-2-128. Pursuant to Fed. R. Civ. Procedure 15, once twenty-one (21) days have passed since (A) service of the Complaint or (B) after service of a motion under Rule 12(b), a party may only amend its pleading with the Court's approval when justice so requires.

In this case, the time in which the plaintiffs may amend their Complaint as a matter of course under Rule 15 has lapsed. However, to the extent that the proposed Amended Complaint precisely seeks to dismiss those claims which this Court has dismissed herein, this Court finds that justice so requires, and that as a matter of practicality, granting leave to file the Amended Complaint would provide a clean document from which to proceed which accurately reflects the rulings contained herein. Accordingly, this Court **GRANTS** the plaintiffs' Motion to Amend Complaint **[Doc. 12]** and **ORDERS** the plaintiffs to **REFILE** the proposed Amended Complaint currently filed as Exhibit A to Doc. 12.

**D.     Defendant's Motion for Attorneys' Fees and Costs**

In its Motion to Dismiss, the defendant has additionally moved for attorneys' fees and costs expended in defending this matter pursuant to 28 U.S.C. § 1927, which permits a court to award fees and costs caused by conduct which "so multiplies the proceedings in any case unreasonably and vexatiously . . .."  In support thereof, the defendant states that it has been caused to "defend[ ] itself against improper pleadings pursuant to 28 U.S.C. § 1927 for pleadings that are unreasonable or vexatious."

Without further support, the defendant continues to make blind assertions that "[plaintiffs'] counsel has filed this Complaint for the improper purposes of delaying Navy Federal from pursuing its claims [to collect the] debt Plaintiffs owe [it] and to increase Navy Federal's litigation costs."  Furthermore, Navy Federal claims that "[u]pon information and belief" – unbeknownst to this Court – "[the] Plaintiffs will next attempt to file for bankruptcy protection and seek to have their counsel appointed to pursue their claims on behalf of the bankruptcy estate."  Thus, the defendant asserts this is an unreasonable and vexatious tactical move which warrants an award of attorneys' fees and costs.[1]

Finally, the defendant claims that it sent plaintiffs' counsel a letter requesting that the

---

[1]  This Court refuses to entertain allegations of such a speculative nature.  This Court has held that the plaintiffs' Complaint does contain allegations which state a claim for relief.  To that end, this Court finds this to be a viable alternative to the defendant's suggestion that the purpose of the Complaint is merely to delay debt collection and increase litigation costs.

Defendant's counsel has also made prophesies of impending bankruptcy proceedings.  While this Court can certainly make educated guesses or deduce that one whose auto loans are in collections may be on the verge of bankruptcy, it finds no case law which stands for the proposition that such speculation forms the basis for an award of attorneys' fees.

plaintiffs voluntarily withdraw certain claims.  Although the defendant has provided no proof

of such correspondence, the defendant would further have this Court believe that plaintiffs'

counsel has also refused said request.

28 U.S.C. § 1927 permits a court to award attorneys' fees and costs caused by

conduct which "so multiplies the proceedings in any case unreasonably and vexatiously .

. .."  In so doing, the Fourth Circuit has held that "a finding of bad faith is a necessary

precondition to imposition of fees on an attorney under 28 U.S.C. § 1927 (2000).  *See*

***Brubaker v. City of Richmond***, 943 F.2d 1363, 1382 n. 25 (4th Cir. 1991)."  ***Hunt v. Lee***,

166 Fed.Appx. 669, 671 (4th Cir. 2006).  Moreover, in making such determinations, the

district is afforded wide latitude.  *See **Carroll v. Wolpoff & Abramson***, 53 F.3d 626, 631

(4th Cir. 1995)(noting the district court is granted wide discretion in determining fee

awards).

While this Court has agreed that certain claims alleged in the Complaint should be

dismissed, it does not find that the same were so frivolous or set forth with malicious intent

to complicate litigation.  Indeed, while some of the claims lacked factual underpinning, this

Court does not find that these claims were "so utterly baseless as to warrant sanctions."

***Hunt v. Lee***, 166 Fed. Appx. at 671.  Furthermore, the plaintiffs have attempted to cure

these shortcomings without delay by filing the instant Motion to Amend Complaint.  For

these reasons, this Court finds the defendant has not met the threshold frivolity or

vexatiousness for which this statute was enacted to curtail.

## CONCLUSION

For the foregoing reasons, this Court finds that Defendant Navy Federal Credit Union's Motion to Dismiss **[Doc. 5]** should be, and hereby is, **GRANTED IN PART** and **DENIED IN PART**, and the plaintiffs' Motion to Amend Complaint **[Doc. 12]** is **GRANTED**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record.

**DATED**: December 23, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE